UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| EVAN M. PARKER,<br><br>                              Plaintiff,<br>    v.<br><br>DAMON ZAVALA, *et al.*,<br><br>                              Defendants. | Case No. 3:24-cv-00300-MMD-CSD<br><br>ORDER |

Pro se Plaintiff Evan M. Parker sued Defendants Damon Zavala, Kathleen Henderson, Nichole Von Jaeger, Sheriff Pope, Lt. Vandiver, Deputy Curiel, Deputy Garcia, Recon Health Services, and Deputy Bennett for events that occurred while he was detained at Lyons County Detention Center. (ECF Nos. 6, 7.) On August 22, 2025, Parker requested additional time to serve Defendants. (ECF No. 24.) The Court ordered Parker to serve Defendants by November 3, 2025. (*Id.*) On December 15, 2025, Parker moved for an extension of time to serve the remaining Defendants. (ECF No. 65.) The Court gave Parker until February 13, 2026 to complete service as to all remaining unserved Defendants, warning Parker that they would be dismissed without prejudice if he failed to timely comply. (ECF No. 67.) Parker did not timely comply. To date, Defendants Henderson, Zavala, Garcia and Bennett (collectively, "unserved Defendants") have not been served. Thus, and as further explained below, the Court will dismiss the unserved Defendants without prejudice.

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal." *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to obey a court order or comply with local rules. *See Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988)

(affirming dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (affirming dismissal for failure to comply with court order). In determining whether to dismiss on one of these grounds, the Court must consider: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *See In re Phenylpropanolamine Prod. Liab. Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting *Malone*, 833 F.2d at 130).

The first two factors, the public's interest in expeditiously resolving this litigation and the Court's interest in managing its docket, weigh in favor of dismissal of this case. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor—the public policy favoring disposition of cases on their merits—is greatly outweighed by the factors favoring dismissal.

The fifth factor requires the Court to consider whether less drastic alternatives can be used to correct the party's failure that brought about the Court's need to consider dismissal. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 992 (9th Cir. 1999) (explaining that considering less drastic alternatives *before* the party has disobeyed a court order does not satisfy this factor); *accord Pagtalunan v. Galaza*, 291 F.3d 639, 643 & n.4 (9th Cir. 2002) (explaining that "the persuasive force of" earlier Ninth Circuit cases that "implicitly accepted pursuit of less drastic alternatives prior to disobedience of the court's order as satisfying this element[,]" *i.e.*, like the "initial granting of leave to amend coupled with the warning of dismissal for failure to comply[,]" have been "eroded" by *Yourish*). Courts "need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives." *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986). Because this action cannot realistically proceed against the unserved Defendants until and unless Parker complies with the Court's orders to

2

serve them, the only alternative is to enter another order setting another deadline. But the reality of repeating an ignored order is that it often only delays the inevitable and squanders the Court's finite resources. The circumstances here do not indicate that this case will be an exception: there is no hint that Plaintiff needs additional time to serve the remaining Defendants. Setting another deadline is not a meaningful alternative given these circumstances. So, the fifth factor favors dismissal.

Having thoroughly considered these factors, the Court finds that they weigh in favor of dismissal.

It is therefore ordered that unserved Defendants Henderson, Zavala, Garcia, and Bennett are dismissed without prejudice based on Plaintiff's failure to comply with the Court's December 17, 2025 order to effectuate service of process on these Defendants.

DATED THIS 7th Day of April 2026.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE